FILED
United States Court of Appeals
Tenth Circuit

September 16, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SCOTT C. DEPPISH,

Defendant-Appellant.

No. 14-3152
(D.C. No. 5:13-CR-40070-JAR-1)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before **KELLY**, **EBEL**, and **HARTZ**, Circuit Judges.

Scott Deppish pleaded guilty to one count of accessing an image of child

pornography. Mr. Deppish's plea agreement stated that he was waiving his right to

appeal his conviction and the sentence imposed. The district court sentenced him to

a 63-month term of imprisonment.

Despite the appellate waiver in his plea agreement, Mr. Deppish filed a notice

of appeal. He seeks to challenge the procedural reasonableness of his sentence. The

---

[*]    This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

government has moved to enforce the appeal waiver pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).

When reviewing a motion to enforce, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. Mr. Deppish concedes that his appeal is within the scope of his appeal waiver. *See* Resp. at 1-2. He also states that he is not challenging in this proceeding the knowing and voluntary nature of the appeal waiver. *Id*. at 4. He contends, however, that enforcing the waiver would result in a miscarriage of justice.

To determine whether enforcing the appeal waiver would result in a miscarriage of justice, we consider whether: (1) "the district court relied on an impermissible factor such as race"; (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds the statutory maximum"; or (4) "the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327. In order to satisfy the fourth factor, "the error must seriously affect the fairness, integrity or public reputation of the judicial proceedings." *Id.* (brackets and internal quotation marks omitted).

Mr. Deppish's argument is based on the fourth factor, although he omits the language requiring the waiver to be "otherwise unlawful," and argues instead that this court recognizes an exception to an appeal waiver when "enforcement would

seriously affect the fairness, integrity or public reputation of judicial proceedings." Resp. at 2 (internal quotation marks omitted). Using this altered formulation of the fourth factor, Mr. Deppish argues that "the sentencing court failed to address valid and substantive arguments for a below-guideline variance" and that the "[f]ailure to do so is procedurally unreasonable." *Id.* He asserts that "[b]arring [him] from pursuit of this argument on appeal would, in fact, result in a miscarriage of justice." *Id.* at 3.

Mr. Deppish has not established that his waiver is unlawful. His contention that his sentence is procedurally unreasonable is simply an argument that the district court erred at sentencing. "An appeal waiver is not 'unlawful' merely because the claimed error would, in the absence of waiver, be appealable. To so hold would make the waiver an empty gesture." *United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007). Mr. Deppish has not demonstrated that enforcing the appeal waiver would result in a miscarriage of justice.

For the foregoing reasons, we grant the government's motion to enforce the appeal waiver and dismiss the appeal.

Entered for the Court
Per Curiam

- 3 -